UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| SHERRY R. BARR, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:14-CR-14-TAV-HBG-12 |
| | ) | 3:16-CV-501-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This is a pro se prisoner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [No. 3:16-cv-501-TAV, Doc. 1]. Respondent responded, asserting that the motion is time-barred, among other things [*Id.*, Doc. 4]. For the following reasons, the § 2255 motion [*Id.*, Doc. 1] will be **DENIED** as time-barred, and this action will be **DISMISSED**.

**I.  BACKGROUND**

On May 7, 2014, pursuant to a written plea agreement [No. 3:14-cr-14-TAV-HBG-15, Doc. 151], Petitioner pleaded guilty to the lesser included offense in Count One of the indictment, charging Petitioner with conspiracy to manufacture at least five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) [*Id.*, Doc. 181]. The Court sentenced Petitioner to 84 months' imprisonment followed by four years of supervised release [*Id.*, Doc. 354]. Petitioner did not appeal this conviction. The Court later reduced Petitioner's sentence to 70 months' imprisonment after granting her motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), in light of the United States

Sentencing Guidelines' (hereinafter "USSG") Amendment 782 [*Id.*, Doc. 641]. On August 11, 2016, Petitioner filed the instant § 2255 motion, arguing that she is entitled to another sentence reduction in light of the USSG's Amendment 794 [No. 3:16-cv-501-TAV, Doc. 1].

**II. DISCUSSION**

The government argues that Petitioner's § 2255 motion is time-barred [No. 3:16-cv-501-TAV, Doc. 4]. A prisoner in federal custody may file a motion under 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Section 2255(f) provides that the one-year statute of limitations, which runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

A conviction becomes "final [for purposes of § 2255(f)(1)] at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where no appeal is taken, a conviction becomes final after the time for filing for such expires, which is fourteen days after entry of the Court's judgment. *See* Fed. R. App. P. 4(b)(1)(A) (explaining the defendant must file her notice of appeal in the district court within fourteen days after "the entry of either the judgment or order being appealed").

Petitioner did not appeal the Court's judgment against her, and therefore her conviction became final when she failed to do so within fourteen days of the Court's entry of judgment. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed). Judgment was entered on October 9, 2014 [Doc. 354]. Petitioner's judgment became final fourteen days later, on October 23, 2014. Accordingly, the § 2255 limitation period in this case ended on October 23, 2015. Petitioner filed her § 2255 Motion almost a year later, on August 11, 2016. Petitioner's § 2255 motion is therefore time-barred under 28 U.S.C. §2255(f)(1).

Petitioner appears to invoke the alternate one-year limitations period found in 28 U.S.C. § 2255 (f)(3), which begins the limitations period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, petitioner has not identified any new right initially recognized by the

3

Supreme Court; instead, in the portion of her § 2255 motion relating to its timeliness, Petitioner states only that there has been a new ruling in the 9th Circuit case *United States v. Quintero-Levya*, 823 F.3d 519 (9th Cir. 2016). Accordingly, Petitioner cannot avail herself of the statute of limitations period found in 28 U.S.C. § 2255(f)(3), and her motion will not be time-barred unless she is entitled to equitable tolling.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies to her case, and the doctrine is used sparingly. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to demonstrate that she is entitled to equitable tolling, a petitioner must show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 (holding that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day.").

Defendant makes no arguments to demonstrate that equitable tolling applies to her case. Because her § 2255 motion is untimely and she is ineligible for equitable tolling, her motion will be dismissed.

## III. CONCLUSION

The Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and her motion to vacate, set aside or correct sentence [No. 3:16-cv-501-TAV, Doc. 1] will be **DENIED** and this action will be **DISMISSED**.  The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24.  As the Court has dismissed this action on procedural grounds without reaching the merits of the underlying claims, and jurists of reason would not find it debatable that the Court is correct in finding that the § 2255 petition is untimely, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b).  A Judgment will enter **DENYING** the Motion [No. 3:16-cv-501-TAV, Doc. 1].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE